1  DONALD F. ZIMMER, JR. (State Bar No. 112279)
2  KRISTA L. COSNER (State Bar No. 213338)
   DRINKER BIDDLE & REATH LLP
3  50 Fremont Street, 20th Floor
   San Francisco, California 94105
   Telephone: (415) 591-7500
4  Facsimile: (415) 591-7510

5  Attorneys for Defendants
6  SMITHKLINE BEECHAM CORPORATION dba
   GLAXOSMITHKLINE and McKESSON
7  CORPORATION

RECEIVED

2008 FEB 25 P 4: 53

RICHARD W. WIEKING, CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA.

ORIGINAL FILED

FEB 25 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

8
9              UNITED STATES DISTRICT COURT
10            NORTHERN DISTRICT OF CALIFORNIA
11               SAN FRANCISCO DIVISION

CV 08          1131          JL

12  MOHINDER KHANNA                    Case No.
13              Plaintiff,             DECLARATION OF KRISTA L.
                                       COSNER IN SUPPORT OF NOTICE
14       v.                            OF REMOVAL AND REMOVAL,
                                       UNDER 28 U.S.C. § 1441(B)
15  SMITHKLINE BEECHAM                 (DIVERSITY) and 28 U.S.C. § 1441(C)
    CORPORATION d/b/a                  (FEDERAL QUESTION) OF
16  GLAXOSMITHKLINE, McKESSON          DEFENDANT SMITHKLINE
    PHARMACY SYSTEMS, and DOES ONE     BEECHAM CORPORATION dba
17  through FIFTEEN, inclusive,        GLAXOSMITHKLINE

18              Defendants.

19

20       I, KRISTA L. COSNER, declare:

21       1.      I am an attorney admitted to practice before all courts of the State of

22  California and am an Associate with Drinker Biddle & Reath, LLP, attorneys for

23  SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE ("GSK") and

24  McKESSON CORPORATION ("McKesson") (collectively, "Defendants") in this action.

25  I make this Declaration based on my personal knowledge, in support of Defendant GSK's

26  removal of *Mohinder Khanna. v. GlaxoSmithKline, et al.*, San Francisco Superior Court

27  Case Number, CGC-08-472290 to this Court. I would and could competently testify to

28  the matters stated in this Declaration if called as a witness.

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

2.      A true and accurate copy of the Complaint in this action is attached as **Exhibit A**.  There have been no additional proceedings in this state court action.

3.      Neither defendant has been served with the Complaint.

4.      A true and accurate copy of the Judicial Panel on Multidistrict Litigation's ("JPML") Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 (E.D.P.A.) is attached as **Exhibit B**.

5.      The Declaration of Greg Yonko In Support of Defendant's SmithKline Beecham's Notice of Removal and Removal Action Under 28 U.S.C. § 1441(B) (Diversity) and 28 U.S.C. § 1441(c) (Federal Question) of Defendant SmithKline Beecham Corporation dba GlaxoSmithKline in *Dorothy Bone et al. v. SmithKline Beecham Corp., et al* is attached as **Exhibit C**.

6.      This is one of many cases that have been filed recently in both federal and state courts across the country involving the prescription drug Avandia.

7.      GSK intends to seek the transfer of this action to that Multidistrict Litigation, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871, and shortly will provide the JPML with notice of this action pursuant to the procedure for "tag along" actions set forth in the rules of the JPML.

8.      GSK is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania, and therefore is a citizen of Pennsylvania for purposes of determining diversity.

9.      McKesson consents to this removal.

///

///

///

///

///

///

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\395846\1

DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL                    CASE NO.

1      I declare under penalty of perjury under the laws of the United States of America that

2 the foregoing is true and correct. Executed on this 25th day of February, 2008 in San

3 Francisco, California.

4

5

6                               KRISTA L. COSNER

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SFI\395846\1    DECLARATION OF KRISTA L. COSNER IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL    CASE NO.

# EXHIBIT A

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT**
*(AVISO AL DEMANDADO):*
SMITHKLINE BEECHAM CORPORATION d/b/a
GLAXOSMITHKLINE, McKESSON PHARMACY SYSTEMS, and
DOES ONE through FIFTEEN, inclusive

☑ DOES _1_ TO _15_

**YOU ARE BEING SUED BY PLAINTIFF**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MOHINDER KHANNA

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN FRANCISCO SUPERIOR COURT<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-08- 472290 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
NANCY HERSH, ESQ.          CALIFORNIA STATE BAR NO.: 49091    TELEPHONE NO.: (415) 441-5544
HERSH & HERSH, A Professional Corp.
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396

DATE: FEB 1 9 2008          GORDON PARK-LI Clerk, by _____ Williams C. Bautista , Deputy
*(Fecha)*          *(Secretario)*          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED: You are served**
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)

☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. January 1, 2004)

SUMMONS

Code of Civil Procedure §§ 412.20, 465
4200

MacForms (509) 535-4382

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | CALIFORNIA STATE BAR NO.: 49091 | FOR COURT USE ONLY |
|---|---|---|

NANCY HERSH, ESQ.
HERSH & HERSH, A Professional Corp.
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6396
TELEPHONE NO.: (415) 441-5544     FAX NO.:
ATTORNEY FOR *(Name)*:  Plaintiff

**F I L E D**
Superior Court of California
County of San Francisco

FEB 19 2008

GORDON PARK-LI, Clerk
By _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: San Francisco, CA 94102
CITY AND ZIP CODE:
BRANCH NAME: Unlimited Jurisdiction

CASE NAME: KHANNA v. SMITHKLINE BEECHAM CORPORATION

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CGC-08-472290 |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

**1. Check one box below for the case type that best describes this case:**

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[✓] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

**2.** This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
a. [ ] Large number of separately represented parties
b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
c. [ ] Substantial amount of documentary evidence
d. [ ] Large number of witnesses
e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
f. [ ] Substantial postjudgment judicial supervision

**3.** Remedies sought *(check all that apply)*: a. [✓] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [✓] punitive
**4.** Number of causes of action *(specify)*: 8
**5.** This case [ ] is  [✓] is not  a class action suit.
**6.** If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: February 19, 2008

CYNTHIA BROWN
*(TYPE OR PRINT NAME)*

_____
*(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
MacForms (509) 535-4382

**CIVIL CASE COVER SHEET**

4200

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
CYNTHIA BROWN, ESQ., State Bar No. 248846
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

Attorneys for Plaintiff

**F I L E D**
Superior Court of California
County of San Francisco

FEB 1 9 2008

GORDON PARK-LI, Clerk
CASE MANAGEMENT CONFERENCE SET
By: _____
Deputy Clerk

JUL 1 8 2008 -9ᴬᴹ AM

DEPARTMENT 212

SUPERIOR COURT OF THE STATE OF CALIFORNIA

SAN FRANCISCO COUNTY

MOHINDER KHANNA,

    Plaintiff,

vs.

SMITHKLINE BEECHAM
CORPORATION d/b/a
GLAXOSMITHKLINE, McKESSON
PHARMACY SYSTEMS, and DOES
ONE through FIFTEEN, inclusive,

    Defendants.

CASE NUMBER CGC-08-472290

COMPLAINT FOR DAMAGES AND
DEMAND FOR JURY TRIAL

[PRODUCTS LIABILITY]

1. Strict Liability-Failure to Warn
2. Negligence
3. Breach of Implied Warranty
4. Breach of Express Warranty
5. Fraud
6. Fraud by Concealment
7. Negligent Misrepresentation
8. Violations of the Consumer Legal
   Remedies Act (Civil Code §1750, *et seq.*)

<u>DEMAND FOR JURY TRIAL</u>

1.

Plaintiff herewith requests a trial by jury as to all issues of material fact.

<u>PARTIES</u>

2.

Plaintiff MOHINDER KHANNA is, and was, at all relevant times, a resident
of California.

3.

Defendant GLAXOSMITHKLINE (GSK) is a corporation with its principal

- 1 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

place of business at One Franklin Plaza, Philadelphia, Pennsylvania 19101. GSK makes a variety of prescription drugs including those for Diabetes Mellitus.

4.

Defendant SMITHKLINE BEECHAM CORPORATION is a U.S. CORPORATION d/b/a GLAXOSMITHKLINE in California.

5.

Defendant McKESSON CORPORATION ("McKESSON") is a corporation existing under the laws of incorporation with its principal place of business at One Post Street, San Francisco, California 94104. At all times herein mentioned, Defendant McKESSON is, and was, engaged in the business of marketing, distributing, promoting, advertising and selling AVANDIA nationwide and in the State of California.

6.

Plaintiff does not know the true names of the Defendants, and each of them, sued herein as DOES ONE through FIFTEEN, inclusive. Plaintiff alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and caused the injuries and damages sustained by Plaintiff as herein alleged.

7.

In engaging in the conduct alleged herein, each Defendant acted as the agent for each of the other Defendants.

8.

Defendants SmithKlineBeecham, GlaxoSmithKline, Inc., McKesson and DOES ONE through FIFTEEN, inclusive, will hereafter be referred to as "Defendants".

9.

At all times relevant to this action, Defendants, and each of them, intentionally, recklessly and/or negligently concealed, suppressed, omitted, and misrepresented the risks, dangers, defects, and disadvantages of AVANDIA and advertised, promoted, marketed, sold and distributed AVANDIA as a safe pharmaceutical when, in fact, Defendants, and each of them, knew that AVANDIA were not safe for its intended purposes and that AVANDIA

- 2 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

1  would cause, and did cause, serious medical problems, and in some patients, serious,

2  permanent heart injury.

3                                    10.

4        At all relevant times herein, Defendants, and each of them, at all times relevant

5  herein, designed, developed, manufactured, promoted, marketed, distributed, tested, warranted

6  and sold in interstate commerce (including California) AVANDIA. Defendant McKesson has

7  its principal place of business in San Francisco, California, and all said Defendants, and each

8  of them, do substantial business in the State of California, advertise in California, receive

9  substantial compensation and profits from sales of AVANDIA in California.

                              FACTUAL ALLEGATIONS

10                                   11.

11        In May 1999, Defendants, and each of them, sought and obtained Food and

12  Drug Administration ("FDA") approval to market a drug manufactured, designed, distributed

13  and sold by Defendants, and each of them, to diabetics purported to increase insulin sensitivity

14  without causing serious effects, harm or injury.

15                                   12.

16        Defendants, and each of them, as a result of strenuous marketing of said drug,

17  AVANDIA, were able to capture a significant share of the market and generate billions of

18  dollars in income and profit as a consequence.

19                                   13.

20        Defendants, and each of them, have continued to reap substantial profits from

21  said drug, AVANDIA, from May of 1999 to the present.  By at least September 2005,

22  Defendants, and each of them, knew, but had not disclosed, evidence from studies conducted

23  fro 1999 through 2005 that demonstrated adverse cardiac events in consumers attributable to

24  the drug. Although Defendants, and each of them, had an analysis of 42 patient studies of

25  AVANDIA it failed to disclose the full results of the study to the FDA, doctors, and patients.

26  The complete results of the study were not provided to the FDA for another year.

27

28  ///

HERSH AND HERSH
A Professional Corporation

14.

During the year 2006, after the time the Defendants, and each of them, were aware of the study results, Defendants, and each of them, increased their sales of AVANDIA to a distribution of approximately 13 (thirteen) million prescriptions in the United States. By way of example in 2006 a month's supply of AVANDIA cost between $90 and $200. Thereby Defendants, and each of them, were able to generate sales of $2.2 billion of this drug in 2006.

15.

At all relevant times herein, AVANDIA was widely advertised by the Defendants, and each of them, as an effective and safe treatment for diabetic patients. Said Defendants, and each of them, minimized the risks posed to diabetic patients by ingestion of AVANDIA. In August 2006, for the first time and as a result of external pressure, Defendants, and each of them, disclosed full and complete results of the study (as in paragraph 15 above) even though the Defendants, and each of them, were fully aware at least since September 2005 of adverse cardiac events due to the drug AVANDIA. Said Defendants, and each of them, concealed or minimized the known risks to diabetic patients by ingestion of AVANDIA.

16.

In doing so the Defendants, and each of them, concealed the known risks to diabetic patients and failed to warn of known and/or scientifically knowable dangers and risks associated with ingestion of AVANDIA.

17.

Plaintiff MOHINDER KHANNA was prescribed and took AVANDIA commencing in May 2006 and continuing through May 2005. As set above in paragraph 15 the Defendants, and each of them, knew that the product was unsafe for diabetic patients in general and capable of causing and did cause adverse cardiac events in exposed patients. In spite of the knowledge of the dangerous characteristics of said drug, and with conscious disregard for the health and safety of the public and of exposed patients who were prescribed

-4-

HERSH&HERSH
A Professional Corporation

and took AVANDIA, Defendants, and each of them, placed said drug on the market intending it to be sold to and used by diabetic patients and knowing that said use would occur.

18.

Defendants, and each of them, continued with their sale of AVANDIA after the preliminary disclosure to the FDA in August 2006. Knowing that its drug caused adverse cardiac events and that the diabetic patient population was not informed of the dangers, Defendants, and each of them, continued to expand sales of AVANDIA to existing and new patients.

19.

On May 21, 2007, Dr. Steven Nissen, a prominent cardiologist associated with the Cleveland Clinic, published a study in the New England Journal of Medicine with his analysis of the 42 studies conducted since 1999. Dr. Nissen's study disclosed to the public the increased risk of congestive heart failure and heart attack by patients taking AVANDIA, dangers the Defendants, and each of them, had been aware of since at least 2005 and probably before.

20.

MOHINDER KHANNA, while a resident of San Ramon, California, was initially prescribed AVANDIA in tablet form by his Family Practitioner beginning in May of 2005 and continuing through May 2006, when Defendants, and each of them, had failed to disclose to patients and their physicians the true dangers of adverse cardiac events caused by ingestion of the drug AVANDIA.

21.

At all times relevant herein, Defendants, and each of them, failed to provide sufficient warnings and instructions that would have put Plaintiff and the general public on notice of the dangers and adverse effects caused by ingesting AVANDIA including, without limitation, risk of heart attack, congestive heart failure, macular degeneration and other adverse events.

///

- 5 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSH AND HERSH
A Professional Corporation

22.

AVANDIA as designed, manufactured, distributed, sold and/or supplied by Defendants, and each of them, was defective as marketed due to inadequate warnings, instructions, labeling and/or inadequate testing in the presence of Defendants', and each of their, knowledge of lack of cardiovascular safety.

23.

Defendants, and each of them, thereby acted with fraud, malice, oppression and a conscious disregard for Plaintiff and the general public's safety, who accordingly requests that the trier of fact, in the exercise of sound discretion, award additional damages for the sake of example and for the purpose of punishing the Defendants, and each of them, for their conduct, in an amount sufficiently large to be an example to others and to deter the Defendants, and each of them, and others from engaging in similar conduct in the future. The aforesaid wrongful conduct was done with the advance knowledge, authorization, and/or ratification of an officer, director, and/or managing agent of Defendants, and each of them.

## FIRST CAUSE OF ACTION

### [Strict Product Liability - Failure to Warn]

24.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-23, inclusive, of this Complaint.

25.

Defendants, and each of them, manufactured, sold and/or distributed AVANDIA to Plaintiff MOHINDER KHANNA to be used to increase insulin sensitivity without causing serious effects, harm, or injury.

26.

At all times mentioned herein, AVANDIA was dangerous and presented a substantial danger to diabetic patients and these risks and dangers were known or knowable at the time of manufacture, sale or distribution to Plaintiff MOHINDER KHANNA in 2005. Ordinary consumers would not have recognized the potential risks and dangers that

-6-

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

AVANDIA posed to cardiac patients because its uses were specifically promoted to improve the health of diabetic patients. The AVANDIA was used in a way reasonably foreseeable to all Defendants, and each of them, by Plaintiff MOHINDER KHANNA. Defendants, and each of them, failed to provide warnings of such risks and dangers to Plaintiff MOHINDER KHANNA as described herein.

27.

As a result of the defective dangerous condition of AVANDIA manufactured and/or supplied by the Defendants, and each of them, Plaintiff MOHINDER KHANNA suffered cardiac congestive heart failure, heart attack, macular degeneration and serious, painful permanent injury to his heart.

28.

As a result of Plaintiff MOHINDER KHANNA's ingestion of the defective AVANDIA, Plaintiff MOHINDER KHANNA was caused to suffer the herein described injuries.

29.

In doing the acts herein described, the Defendants, and each of them, acted with oppression, fraud and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of the Defendants, and each of them.

30.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### [Negligence]

31.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-30, inclusive, of this Complaint.

-7-
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

32.

Defendants, and each of them, and their representatives were manufacturers and/or distributors of AVANDIA. At all times herein, Defendants, and each of them, had a duty to properly manufacture, compound, test, inspect, package, label, distribute, market, examine, maintain supply, provide proper warnings and prepare for use and sell the aforesaid product.

33.

Defendants, and each of them, so negligently and carelessly manufactured, compounded, tested, failed to test, inspected, failed to inspect, packaged, labeled, distributed, recommended, displayed, sold, examined, failed to examine and supplied aforesaid product, that it was dangerous and unsafe for the use and purpose for which it was intended, that is, increasing insulin sensitivity without causing serious injury, harm, or effect including, but not limited to, death, in Plaintiff and others similarly situated. As a result of the carelessness and negligence of Defendants, Plaintiff MOHINDER KHANNA ingested the AVANDIA in the manner intended by the manufacturer, and, as a result, Plaintiff suffered the injuries and damages described herein.

34.

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as hereinafter set forth.

### THIRD CAUSE OF ACTION
[Breach of Implied Warranty]

35.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-34, inclusive, of this Complaint.

36.

Defendants, and each of them, impliedly warranted that their AVANDIA, which Defendants, and each of them, designed, manufactured, assembled, promoted, sold and distributed to Plaintiff were merchantable and fit and safe for ordinary use. Defendants, and

- 8 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

each of them, further impliedly warranted that its AVANDIA was fit for the particular purpose of increasing insulin sensitivity in diabetic patients without causing serious harm, injury or effect.

37.

Defendants' AVANDIA was defective, unmerchantable, and unfit for ordinary use when sold, and unfit for the particular purpose for which they were sold, and subjected Plaintiff to severe and permanent injuries. Therefore, Defendants, and each of them, breached the implied warranties of merchantability and fitness for a particular purpose when AVANDIA was sold to Plaintiff, in that the AVANDIA is defective and has failed to increase insulin sensitivity without serious harm in diabetic patients as represented and intended.

38.

As a result of Defendants', and each of their, breach of the implied warranties of merchantability and fitness for a particular purpose, Plaintiff MOHINDER KHANNA has sustained and will continue to sustain the injuries and damages described herein and is therefore entitled to compensatory damages.

39.

After Plaintiff was made aware his injuries were a result of the aforesaid product, AVANDIA, Defendants, and each of them, had ample and sufficient notice of breach of said warranty.

40.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## FOURTH CAUSE OF ACTION

### [Breach of Express Warranty]

41.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-40, inclusive, of this Complaint.

42.

Defendants, and each of them, expressly warranted to Plaintiff and/or his

- 9 -

authorized agents or sales representatives, in publications, and other communications intended for medical patients, and the general public, that AVANDIA was safe, effective, fit and proper for its intended use.

### 43.

Plaintiff MOHINDER KHANNA and Plaintiff's physicians reasonably relied upon the skill and judgment of Defendants, and each of them, and upon said express warranty, in using the aforesaid product. The warranty and representations were untrue in that the product caused severe injury to Plaintiff MOHINDER KHANNA and was unsafe and, therefore, unsuited for the use in which it was intended and caused Plaintiff MOHINDER KHANNA to sustain damages and injuries herein alleged.

### 44.

As soon as the true nature of the product, and the fact that the warranty and representations were false, were ascertained, said Defendants, and each of them, had ample and sufficient notice of the breach of said warranty.

### 45.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

### FIFTH CAUSE OF ACTION

#### [Fraud]

### 46.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-45, inclusive, of this Complaint.

### 47.

Defendants, and each of them, falsely and fraudulently represented to Plaintiff MOHINDER KHANNA, his physicians, and to members of the general public that the aforesaid product was safe, effective, reliable, consistent, and better than the other similar products due to its ability to increase insulin sensitivity without causing serious harm when used in the manner intended by the manufacturer. The representations by said Defendants, and each of them, were in fact, false. The true facts include, but are not limited to the fact that

- 10 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSHANDHERSH
A Professional Corporation

the aforesaid product was not safe to be used and was, in fact, dangerous to the health and body of Plaintiff MOHINDER KHANNA.

48.

When the Defendants, and each of them, made these representations, they knew that they were false. Defendants, and each of them, made said representations with the intent to defraud and deceive Plaintiff MOHINDER KHANNA, with the intent to induce plaintiff to act in the manner herein alleged, that is to use the aforementioned product for increasing insulin sensitivity.

49.

At the time Defendants, and each of them, made the aforesaid representations and Plaintiff MOHINDER KHANNA took the actions herein alleged, Plaintiff and his physicians were ignorant of the falsity of these representations and reasonably believed them to be true. In reliance upon said representations, Plaintiff was induced to, and did, use the aforesaid product as herein described. If Plaintiff MOHINDER KHANNA had known the actual facts, he would not have taken such action. The reliance of Plaintiff and his physicians upon Defendants', and each of their, representations were justified because said representations were made by individuals and entities who appeared to be in a position to know the true facts.

50.

As a result of Defendants', and each of their, fraud and deceit, Plaintiff was caused to sustain the herein described injuries and damages.

51.

In doing the acts herein alleged, the Defendants, and each of them, acted with oppression, fraud, and malice, and Plaintiff is therefore entitled to punitive damages to deter Defendants, and each of them, and others from engaging in similar conduct in the future. Said wrongful conduct was done with advance knowledge, authorization and/or ratification of an officer, director and/or managing agent of Defendants.

///

- 11 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

52.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SIXTH CLAIM FOR RELIEF

### [Fraud by Concealment]

53.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-52, inclusive, of this Complaint.

54.

At all times mentioned herein, Defendants, and each of them, had the duty and obligation to disclose to Plaintiff and to his physicians, the true facts concerning the aforesaid product, AVANDIA, that is, that said product was dangerous and defective, lacking efficacy for its purported use and lacking safety in normal use, and how likely it was to cause serious consequences to users including serious and permanent injuries to the heart. Defendants, and each of them, made the affirmative representations as set forth above to Plaintiff and his physicians and the general public prior to the date AVANDIA was ingested by Plaintiff MOHINDER KHANNA, while concealing material facts.

55.

At all times herein mentioned, Defendants, and each of them, willfully, and maliciously concealed facts as set forth above from Plaintiff and his physicians, and therefore, Plaintiff, with the intent to defraud as herein alleged.

56.

At all times herein mentioned, neither Plaintiff nor his physicians were aware of the facts set forth above, and had they been aware of said facts, he would not have acted as he did, that is, would not reasonably relied upon said representations of safety and efficacy and utilized the AVANDIA for increasing insulin sensitivity. Defendants', and each of their, representations were a substantial factor in Plaintiff utilizing AVANDIA for increasing insulin sensitivity.

///

- 12 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

57.

As a result of the concealment of the facts set forth above, Plaintiff sustained injuries as hereinafter set forth.

58.

In doing the action herein alleged, Defendants, and each of them, acted with oppression, fraud, and malice and Plaintiff is therefore entitled to punitive damages in an amount reasonably related to Plaintiff's actual damages, and to Defendant's wealth, and sufficiently large to be an example to others, and to deter these Defendants, and each of them, and others from engaging in similar conduct in the future.

59.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## SEVENTH CAUSE OF ACTION

[Negligent Misrepresentation]

60.

Plaintiff hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-59, inclusive, of this Complaint.

61.

At all relevant times herein, Defendants, and each of them, represented to Plaintiff MOHINDER KHANNA and his physicians that the AVANDIA was safe to use to increase insulin sensitivity knowing that the AVANDIA was defective in causing injuries described herein.

62.

The Defendants, and each of them, made the aforesaid representations with no reasonable ground for believing them to be true when Defendants', and each of their, own data showed the AVANDIA to be defective and dangerous when used in the intended manner.

63.

The aforesaid representations were made to the physicians prescribing AVANDIA prior to the date it was prescribed to Plaintiff and his physicians with the intent

- 13 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSH&HERSH
A Professional Corporation

that Plaintiff and his physicians would rely upon such misrepresentations about the safety and efficacy of AVANDIA. Plaintiff and his physicians did reasonably rely upon such representations that the aforesaid product was safe for use to aid in the treatment of increasing insulin sensitivity.

64.

The representations by said Defendants, and each of them, to Plaintiff were false, and thereby caused Plaintiff's injuries described herein.

65.

WHEREFORE, Plaintiff prays for judgment as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

[Violations of the Consumer Legal Remedies Act, Civil Code §1750, et seq.]

66.

Plaintiff MOHINDER KHANNA hereby incorporates by reference, as if fully set forth herein, each and every allegation contained in Paragraphs 1-84, inclusive, of this Complaint.

67.

This Cause of Action is brought pursuant to the Consumer Legal Remedies Act ("CLRA"), California Civil Code §1750, et seq.

68.

The policies, acts, and practices described above were intended to result in the sale of AVANDIA to Plaintiff MOHINDER KHANNA and the general public. These actions violated, and continued to violate, the CLRA in at least the following respects:

(a)    In violation of §1770(a)(2), misrepresenting the source, sponsorship, approval, or certification of AVANDIA;

(b)    In violation of §1770(a)(5), representing that the AVANDIA has sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that it does not have;

(c)    In violation of §1770(a)(7), representing that the AVANDIA is of a

- 14 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

particular standard, quality, or grade;

69.

In compliance with the CLRA provision in California Civil Code §1782, Plaintiff have given written notice to each Defendant named in this Complaint of his intention to file an action for damages under Civil Code §1750, *et seq.*

70.

Plaintiff notified Defendants, and Defendants have failed, within 30 days after receipt of the Civil Code §1782 notice, to adequately respond to Plaintiff's demand to correct, repair, replace, or otherwise rectify the wrongful conduct described above. Per Civil Code §1782(b), this action for damages under Civil Code §1780 may be maintained because Defendants, and each of them, failed to give, or agree to give within a reasonable time, any appropriate correction, repair, replacement, or other remedy to Plaintiff within 30 days after receipt of the §1782 notice.

71.

Plaintiff seeks actual and punitive damages for violations of the CLRA. In addition, Plaintiff is entitled to, pursuant to California Civil Code §1780(a)(2), an order enjoining the above-described wrongful acts and practices, restitution to Plaintiff MOHINDER KHANNA, costs and attorneys' fees, and any other relief deemed appropriate and proper by the Court and under Civil Code §1780.

## PRAYER FOR RELIEF

72.

Plaintiff prays that a judgment be entered in favor of Plaintiff in such aggregate sum as will fairly and reasonably compensate Plaintiff for damages arising out of the conduct of Defendants, and each of them, as described herein. The conduct of Defendants, and each of them, as alleged herein, was a direct, proximate and producing cause of the damages to Plaintiff and the following general and specific damages:

1.    For general damages in a sum within the jurisdiction of this Court;

2.    For medical, hospital, and incidental expenses, according to proof;

- 15 -

COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

HERSH AND HERSH
A Professional Corporation

3.    For loss of earnings and for loss of earning capacity, according to proof;

4.    For punitive or exemplary damages;

5.    For such other relief as the Court deems just and proper.

DATED:  February 19, 2008.

HERSH & HERSH
A Professional Corporation

By _____
CYNTHIA BROWN
Attorneys for Plaintiff

- 16 -
COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

# EXHIBIT B

# MDL 1871

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

7:23 am, Oct 16, 2007

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

| | | |
|---|---|---|
| Sharon Ann Dabon v. GlaxoSmithKline, Inc., | ) | |
| E.D. Louisiana, C.A. No. 2:07-3041 | ) | MDL No. 1871 |
| Celenio Cruz-Santana v. GlaxoSmithKline, PLC, et al., | ) | |
| D. Puerto Rico, C.A. No. 3:07-1461 | ) | |

## TRANSFER ORDER

Before the entire Panel[*]: Plaintiff in the action pending in the Eastern District of Louisiana, has moved, pursuant to 28 U.S.C. § 1407, to centralize this litigation in the District of Puerto Rico or, alternatively, in the Eastern District of Louisiana. This litigation currently consists of moving plaintiff's action and one action pending in the District of Puerto Rico.[1] Plaintiff in the latter action supports centralization in the District of Puerto Rico. Plaintiffs in potential tag-along actions pending in the Central District of California, the Southern District of Florida, the District of New Jersey, the Southern District of New York, and the District of Puerto Rico have submitted responses in support of centralization.. These plaintiffs suggest a variety of fora for transferee district, including the Southern District of Florida (favored by plaintiffs in the action pending in that district), the District of New Jersey (favored by plaintiff in the action pending in that district, as well as plaintiff in the Central District of California action), the Southern District of New York (favored by plaintiffs in eight actions pending in that district), and the District of Puerto Rico (favored by plaintiffs in the action pending in that district). Responding defendant SmithKlineBeecham Corp. d/b/a GlaxoSmithKline (GSK) initially opposed the Section 1407 motion, but now supports centralization in the Eastern District of Pennsylvania.

---

[*] Judge Heyburn took no part in the disposition of this matter.

[1] The Panel has been notified of 28 additional related actions pending in the Western District of Arkansas, the Central District of California (two actions), the Southern District of Florida (two actions), the Southern District of Illinois, the Southern District of Indiana, the Eastern District of Louisiana, the District of New Jersey, the Eastern District of New York, the Southern District of New York (ten actions), the Northern District of Ohio, the Eastern District of Oklahoma, the Eastern District of Pennsylvania, the District of Puerto Rico, the Eastern District of Tennessee, the Western District of Tennessee, and the Eastern District of Texas (two actions). These actions and any other related actions will be treated as potential tag-along actions. See Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001).

## OFFICIAL FILE COPY

IMAGED OCT 1 6 2007

-2-

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Pennsylvania will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. Both actions arise from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. Centralization under Section 1407 will eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

We are also persuaded that the Eastern District of Pennsylvania is an appropriate transferee district for pretrial proceedings in this litigation. GSK's principal place of business is located in that district, and thus many witnesses and documents relevant to the litigation are likely to be found there. In addition, one of the potential tag-along actions was commenced in the Eastern District of Pennsylvania.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*      J. Frederick Motz
Robert L. Miller, Jr.               Kathryn H. Vratil
David R. Hansen                     Anthony J. Scirica

# EXHIBIT C

1   DONALD F. ZIMMER, JR. (State Bar No. 112279)
2   KRISTA L. COSNER (State Bar No. 213338)
    DRINKER BIDDLE & REATH LLP
3   50 Fremont Street, 20th Floor
    San Francisco, California 94105
    Telephone: (415) 591-7500
4   Facsimile: (415) 591-7510

5   Attorneys for Defendants
6   SMITHKLINE BEECHAM CORPORATION dba
    GLAXOSMITHKLINE and McKESSON
7   CORPORATION

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                       SAN FRANCISCO DIVISION

12   DOROTHY BONE; DAVID COOK;              Case No.
     JESUS COTA; JO ELLEN GARNER;
13   BARRON GATTA; CATHY GRAY;              DECLARATION OF GREG YONKO IN
     FRANKLIN JENKINS; GREGORY              SUPPORT OF NOTICE OF REMOVAL
14   RODRIGUEZ; ROBERT RODRIGUEZ;           AND REMOVAL ACTION, UNDER 28
     ROGER TAVARES; LAVIOLA                 U.S.C. § 1441(B) (DIVERSITY) and 28
15   TOWNSEND,                              U.S.C. § 1441(C) (FEDERAL
                                            QUESTION) OF DEFENDANT
16                   Plaintiffs,            SMITHKLINE BEECHAM
                                            CORPORATION dba
17        v.                                GLAXOSMITHKLINE

18   SMITHKLINE BEECHAM
     CORPORATION dba
19   GLAXOSMITHKLINE and McKESSON
     CORPORATION,
20
                     Defendants.
21

22        I, GREG YONKO, declare:

23        1.    I am Senior Vice President - Purchasing for McKesson Corporation

24   ("McKesson"), and make this declaration in support of the Notice of Removal and

25   Removal Action of defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline

26   ("GSK") based on my personal knowledge.

27        2.    I have been in my current position since 1997, and have been employed by

28   McKesson for over 25 years. As Vice President of Purchasing, I am responsible for

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\397730\1    DECLARATION OF GREG YONKO IN SUPPORT OF REMOVAL        CASE NO.

1    purchasing prescription and non-prescription branded product management and

2    investment purchasing.

3        3.    McKesson was and is a Delaware corporation, with its principal place of

4    business in San Francisco, California.

5        4.    McKesson was served with the Summons and Complaint in this action on

6    October 24, 2007.

7        5.    McKesson consents to the removal of this action.

8        6.    McKesson is a wholesale distributor of pharmaceuticals, over-the-counter

9    and health and beauty products to chains, independent pharmacy customers and hospitals.

10    As a wholesale distributor, McKesson distributes products manufactured by others. As to

11    Avandia®, McKesson does not manufacture, produce, process, test, encapsulate, label, or

12    package, these products, nor does it make any representations or warranties as to the

13    product's safety or efficacy.

14        7.    McKesson distributed Avandia®, manufactured by GSK, along with many

15    other products of other pharmaceutical companies, to certain drug stores, pharmacies,

16    health care facilities and hospitals throughout the United States. As stated above,

17    McKesson did not manufacture, produce, process, test, encapsulate, label, or package

18    Avandia®, but only delivered the unopened boxes that contained the drug.

19        8.    McKesson is one of many suppliers who could have supplied Avandia® to

20    the numerous pharmacies throughout the United States.

21        I declare under penalty of perjury under the laws of the State of California that the

22    foregoing is true and correct, and this declaration was executed on November 16, 2007 in

23    San Francisco, California.

24

25    _____
      GREG YONKO

26

27

28