NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
CYNTHIA BROWN, ESQ., State Bar No. 248846
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
Telephone: (415) 441-5544
Facsimile: (415) 441-7586

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHINDER KHANNA, | CASE NUMBER 3:08-CV-1131 MHP |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE'S MOTION TO STAY ALL PROCEEDINGS** |
| vs. | |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, MCKESSON PHARMACY SYSTEMS, and DOES ONE through FIFTEEN, inclusive, | |
| | Date: June 9, 2008 |
| Defendants. | Time: 2:00 p.m. |
| | Ctrm: 15 |
| | Honorable Marilyn Hall Patel |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ........................................................................................................2

II. STATEMENT OF THE CASE....................................................................................2

III. STATEMENT OF FACTS...........................................................................................2

IV. ARGUMENT ...............................................................................................................3

    A. JURISDICTION IS THE THRESHOLD ISSUE: THE COURT SHOULD RULE ON PLAINTIFFS' MOTION TO REMAND FIRST. ........................................................................................................3

    B. THE JURISDICTIONAL ISSUE OF JOINDER IS NOT FACTUALLY NOR LEGALLY DIFFICULT...........................................................4

    C. GRANTING DEFENDANT'S MOTION TO STAY THE PROCEEDING WILL NOT FOSTER THE INTERESTS OF JUDICIAL ECONOMY AND WILL BE PREJUDICIAL TO PLAINTIFFS...............................................................................................5

        1. Granting Defendant's Motion To Stay Proceeding Will Not Foster The Interests Of Judicial Economy. ........................................6

        2. A Stay Will Benefit GSK at Plaintiffs' Expense. ............................7

        3. Denying The Motion To Stay Proceeding Will Not Prejudice Defendant. ........................................................................................8

V. CONCLUSION.............................................................................................................8

- 1 -
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS

HERSHANDHERSH
A Professional Corporation

## I. INTRODUCTION

Plaintiff, Mohinder Khanna, a resident of California, suffered a heart attack, congestive heart failure, and permanent injury to his heart as a result of ingesting the Defendant's pharmaceutical drug Avandia. Defendant SmithKline Beecham Corp. ("GSK") manufactured Avandia, which Defendant McKesson, a corporation with its principle place of business in San Francisco, California, marketed, distributed, and sold to retailers for resale to physicians, hospitals, medical practitioners, and the general public.

Defendant GSK's Motion to Stay should be denied because a stay would prejudice Plaintiff with unnecessary delay whereas Defendant GSK would not be prejudiced. Further, this action belongs in state court as the parties are not diverse; thus, GSK improperly removed the action by alleging the Court had diversity jurisdiction under 28 U.S.C. §1332. Plaintiff's Motion to Remand is briefed and ready to be heard.

## II. STATEMENT OF THE CASE

Plaintiff Mohinder Khanna filed a Complaint on February 19, 2008 in California Superior Court for the County of San Francisco against GSK, the manufacturer, and the distributor, McKesson, whom Defendants do not dispute is a California corporation. GSK removed this action on February 25, 2008, alleging diversity jurisdiction under 28 USC §1332. Plaintiff moved to remand because removal is improper on March 10, 2008. Defendant filed a Motion to Relate Case on April 9, 2008. The case was related before this Court and the Motion to Remand is set to be heard on June 9, 2008, the same day as this Motion to Stay.

## III. STATEMENT OF FACTS

Plaintiff, a resident citizen of the State of California, Contra Costa County, brought this product liability action against GSK and McKesson after Plaintiff suffered heart attack, congestive heart failure, and permanent injury to his heart as a result of ingesting the Defendant's pharmaceutical drug Avandia. Avandia was widely advertised by the Defendants as an effective and safe treatment for diabetic patients. Said Defendants, and

each of them, minimized the risks posed to diabetic patients by ingestion of Avandia and purposefully downplayed and understated the health hazards and risks associated with Avandia. Defendants, through promotional literature, deceived potential users of Avandia by relaying positive information, including testimonials from satisfied users, and manipulating statistics to suggest widespread acceptability, while downplaying the known adverse and serious health effects. Defendant GSK and Defendant McKesson manufactured marketed, distributed, and sold this drug to retailers for resale to physicians, hospitals, medical practitioners and the general public. Plaintiff was unaware and uninformed of the risks of ingesting Avandia. Defendants breached their duties as manufacturers, distributors, and marketers. Plaintiff suffered severe and permanent injury as a direct and proximate result of Defendants' actions.

## IV.  ARGUMENT

### A. JURISDICTION IS THE THRESHOLD ISSUE: THE COURT SHOULD RULE ON PLAINTIFF'S MOTION TO REMAND FIRST.

This Court repeatedly instructs, "motions to remand should be resolved before the panel acts on the motion to transfer." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997); *Villarreal v. Chrysler Corp.*, No. C-95-4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996) ("a stay is improper. Judicial economy will be best served by addressing the remand issue [as it] will facilitate litigation in the appropriate forum."); *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053-54 (N.D. Cal. 2004) ("The court should give preliminary scrutiny to the merits of the motion to remand" and grant remand "'if a single state-law based theory of relief can be offered for each . . . cause[] of action in the complaint.'") (quoting *Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996)).

Determining the appropriate forum for an action is a "threshold issue . . . and defendant's petition to the [MDL] Panel does not affect scheduled pretrial proceedings." *Tortola Restaurants*, 987 F. Supp. at 1188-89 (denying defendants' motion for stay pending decision by the MDL Panel and remanding the action to state court for lack of diversity

- 3 -

jurisdiction).

The plaintiffs in *Tortola Restaurants* and *Conroy* alleged state-law claims under the California Business and Professions Code as well as common law prohibitions against monopolies and unjust enrichment. The defendants in each case removed based on diversity jurisdiction and also moved to stay the proceedings until the MDL Panel transferred the case. In both cases, the Northern District Court held that these claims were more properly decided in the state court. *Tortola Restaurants*, 987 F. Supp. at 1188-89; *Conroy*, 325 F. Supp. 2d at 1053-54.

Likewise, Plaintiff Khanna's action also belongs in the state court because each cause of action in the Complaint alleges state-law theories of relief and the citizenship of the parties are not diverse. Defendant GSK does not and cannot dispute that McKesson is a California corporation. Further, Defendant GSK cannot meet its heavy burden to show that McKesson was fraudulently joined. This action does not involve the same issues common to the cases pending in the Avandia MDL litigation. Instead, Plaintiff Mohinder Khanna alleges California state-law claims for personal injury arising out of a heart attack he suffered after ingesting Avandia. Finally, Plaintiff will be prejudiced by excessive delay and cost of litigating in a foreign and inconvenient forum if the case is stayed and transferred to the Eastern District of Pennsylvania. Accordingly, the Court should deny GSK's Motion.

**B.    THE JURISDICTIONAL ISSUE OF JOINDER IS NOT FACTUALLY NOR LEGALLY DIFFICULT.**

Under our dual court system, where a potential plaintiff has a choice between a state forum and a federal forum by the device of properly joining a non-diverse defendant, he is free to decide on a choice of forum. Moreover, a plaintiff's choice of forum is entitled to <u>substantial deference</u>. *Gulf Oil Co. v. Gilbert*, 330 U.S. 501, 508 (1947) (emphasis added); *Securities Investor Protection Corp. v. Vigman*, 764 F.2d 1309 (9th Cir. 1985); *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 413 (6th Cir. 1998). This proposition has consistently been maintained by most of the current appellate decisions. *Iragorri v. United*

- 4 -

*Technology*, No. 99-781, 2001 U.S. App. LEXIS 26033 (2nd Cir., Dec. 4, 2001).

The jurisdictional and joinder issues are not factually or legally difficult. Defendant McKesson is not fraudulently joined. Defendant McKesson is subject to strict liability for its role in marketing, distributing, and selling the pharmaceutical product Avandia. It is settled law in California that the doctrine of strict liability applies to manufacturers, distributors, and retailers alike. *Jimenez v. Superior Court of San Diego County*, 29 Cal.4th 473, 476 (2002); *Cronin v. J.B.E. Olson Corp.*, 8 Cal.3d 121, 130 (1972)); *Canifax v. Hercules Powder Co.*, 237 Cal.App.2d 44, 52 (1965). Since the establishment of strict liability for defective products in *Greenman v. Yuba Power Products, Inc.*, 59 Cal.2d 57 (1963), the Supreme Court of California has applied strict liability to all parties in the chain of distribution. The Court reasoned that:

> Retailers like manufacturers are engaged in the business of distributing goods to the public. They are an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products. . . . Strict liability on the manufacturer and the retailer alike affords maximum protection to the injured plaintiff and works no injustice to the defendants, for they can adjust the costs of such protection between them in the course of their continuing business relationship.

*Vandermark v. Ford Motor Co.*, 61 Cal.2d 256, 262-63 (1964). The Court has extended this reasoning to apply to distributors. *Barth v. B.F. Goodrich Tire Co.*, 265 Cal.App.2d 228, 252 (1968). As a distributor, McKesson may be held strictly liable as well as negligent.

**C. GRANTING DEFENDANT'S MOTION TO STAY THE PROCEEDING WILL NOT FOSTER THE INTERESTS OF JUDICIAL ECONOMY AND WILL BE PREJUDICIAL TO PLAINTIFF.**

The factors to consider in deciding whether to grant a Motion to Stay include 1) the interests of judicial economy; 2) hardship and inequity to the moving party if the action is not stayed; and 3) potential prejudice to the non-moving party. *Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Only if the Court deems the jurisdictional issues both difficult and similar or identical to those in cases transferred or likely to be transferred should the court proceed to considering the motion to stay. *See Conroy v. Fresh*

*Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004).

### 1. Granting Defendant's Motion To Stay Proceeding Will Not Foster The Interests Of Judicial Economy.

GSK argues that if the MDL transfers this action, this Court will have wasted its resources. But, this action is properly before the California state court, as Plaintiff alleged solely state-law claims and the parties are not diverse. Thus, the interest in expediency and judicial economy weighs in favor of determining the threshold issue of jurisdiction, and remanding this action before expending additional federal resources. *See Greene v. Wyeth*, 344 F. Supp. 2d 674, 679 (D. Nev. 2004.)

This Court may avoid "wasted resources" and best serve judicial economy by deciding jurisdictional issues as early in the litigation process as possible. "Judicial economy will be best served by addressing the remand issue as it will facilitate litigation in the appropriate forum." *Tortola Restaurants, L.P. v. Kimberly-Clark Corp.*, 987 F. Supp. 1186, 1188-89 (N.D. Cal. 1997) (quoting *Villarreal v. Chrysler Corp.*, No. C-95-4414, 1996 WL 116832, at *1 (N.D. Cal. Mar. 12, 1996)). Thus, if federal jurisdiction does not exist, which it does not here, the case may be remanded before further federal resources are wasted. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1054 (N.D. Cal. 2004).

Staying the motions will not save either party any time and will force additional and unnecessary motion practice, which will further delay the proceedings. *See Greene*, 344 F. Supp. 2d at 679. For instance, Plaintiff has opposed transfer to the MDL and filed a Motion To Vacate the Conditional Transfer Order on April 9, 2008, pursuant to R.P.J.P.M.L 7.4(c.) If the case is transferred, Plaintiff will again move for a ruling on jurisdiction to remand this case back to the state court in which it was properly brought. Currently, this question is before this Court and ready to be heard.

Finally, the interest of judicial economy is fostered by deciding issues of jurisdiction as early in the litigation process as possible so that if federal jurisdiction does not exist, the case may be remanded before federal resources are further expended. *Conroy* at 1054.

- 6 -

Staying the motions will not save either party any time and will force Plaintiff to oppose removal once a conditional transfer to the MDL court is issued. Currently, the only question before this Court is the jurisdictional issues, which are briefed and ready to be heard.

### 2.  A Stay Will Benefit GSK at Plaintiff's Expense.

A stay of proceedings pending transfer will unduly delay and prejudice Plaintiff. Plaintiff Mohinder Khanna, a resident of California, was prescribed Avandia by a California doctor beginning in May 2005, which he ingested until May 2006. As a result of the defective dangerous condition of Avandia manufactured and/or supplied by the Defendants, Plaintiff Mohinder Khanna suffered cardiac congestive heart failure, heart attack, macular degeneration and serious, painful permanent injury to his heart. Defendant SmithKline Beecham Corp. manufactured Avandia, which Defendant McKesson marketed, distributed, and sold nationally to retailers for resale to physicians, hospitals, medical practitioners and the general public. Plaintiff Mohinder Khanna is a resident of California. Plaintiff decedent's injuries and treatment for those injuries occurred in California. Defendant SmithKline Beecham Corp. is attempting to transfer this case to the Eastern District of Pennsylvania.

The interests of justice in this case weigh heavily in favor of hearing Plaintiffs' Motion to Remand in Plaintiffs' chosen forum in great part because of the hardship that would result if Plaintiffs were forced to argue the motion in the Eastern District of Pennsylvania. Moreover, this Court is already familiar with the issues of California and Ninth Circuit law that GSK raised.

GSK is a California corporation and will be no more inconvenienced litigating this case in California than it would be litigating in Pennsylvania. Moreover, these forums are equally convenient for GSK as it does business throughout the entire United States and maintains counsel all over the United States.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY ALL PROCEEDINGS

A stay would prejudice Plaintiffs now, especially while this action is in its infant stages, because: (1) Plaintiffs are opposing transfer to the MDL, and (2) if transfer is successful, Plaintiffs will move to remand the action. The time it will take this Court to determine the simple jurisdictional issues involved in this case is far less than the time it will take to argue a remand motion before the MDL, if this case ever gets to the MDL. Meanwhile, Plaintiffs would be prevented from conducting discovery[1] and progressing with the merits of this action.

### 3. Denying The Motion To Stay Proceeding Will Not Prejudice Defendant.

Currently, there is no pretrial proceeding and discovery to be duplicated in state court. In fact, the only motions pending are the Defendant's Motion to Remove and Plaintiff's Motion to Remand. As the parties will have already advised this Court of the issues through the briefing and oral argument, it is unnecessary to cause additional delay to Plaintiff by staying proceedings so that another court may determine the motion to remand, after opposing arguments are briefed and heard regarding any conditional transfer order issued by the JPML.

California and Pennsylvania are equally convenient forums for GSK, as it does business throughout the entire United States and maintains counsel all over the United States. It is important to note that no California court has ruled in agreement with GSK's argument that the learned intermediary doctrine extends to pharmaceutical distributors, making them exempt from claims of strict liability as well as traditional negligence claims.

### V. CONCLUSION

Where competing motions for remand and stay are pending, the Court should address the motion to remand before considering a stay. Therefore, Plaintiffs respectfully

---

[1] Access to discovery in the MDL actions would not benefit Plaintiffs because Plaintiffs' allegations substantially differ from the claims involved in the MDL cases.

request the Court deny GSK's Motion to Stay and hear Plaintiff's Motion to Remand.

DATED:   May 19, 2008.                    HERSH & HERSH
                                          A Professional Corporation

                                          By_____
                                          RACHEL ABRAMS
                                          Attorneys for Plaintiff