ALAN J. LAZARUS (State Bar No. 129767)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
SMITHKLINE BEECHAM CORPORATION dba
GLAXOSMITHKLINE and McKESSON
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOHINDER KHANNA<br><br>    Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, McKESSON PHARMACY SYSTEMS, and DOES ONE through FIFTEEN, inclusive,<br><br>    Defendants. | Case No. CV-08-1131 MHP<br><br>**DECLARATION OF KRISTA L. COSNER IN SUPPORT OF DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE'S OPPOSITION TO PLAINTIFF'S MOTION TO REMAND**<br><br>DATE:          June 9, 2008<br>TIME:          2:00 P.M.<br>COURTROOM: 15<br>JUDGE:        Hon. Marilyn H. Patel |

I, KRISTA L. COSNER, declare:

1.    I am an attorney admitted to practice before all courts of the State of California and am an Associate with Drinker Biddle & Reath, LLP, attorneys for SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE ("GSK") and McKESSON CORPORATION ("McKesson") (collectively, "Defendants") in this action. I make this Declaration based on my personal knowledge, in support of Defendant GSK's opposition to Plaintiff's Motion to Remand of *Mohinder Khanna. v. GlaxoSmithKline, et al.*, to San Francisco Superior Court. I would and could competently testify to the matters stated in this Declaration if called as a witness.

2.   Attached as **Exhibit A** is a true and accurate copy of the Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 (J.P.M.L. Apr. 8, 2008).

3.   On May 29, 2008, the JPML is scheduled to consider, without oral argument, Plaintiff's objection to the transfer of this case to MDL 1871.  In the nine previous Avandia cases in which the JPML considered plaintiffs' objections to transfer, (see Exhibit A) it overruled the objections and transferred the cases to the MDL.

4.   Judge Cynthia Rufe, the MDL transferee judge, has indicated that she will consider all pending remand motions within approximately the next two months.

5.   One of the cases transferred to the MDL involving the issue of fraudulent joinder of McKesson is *Leslie Boone v. SmithKline Beecham Corp., et al.*, 08-CV-01981 CMR, *Boone* was filed in state court and removed to the Central District of California, where it was assigned to the Honorable Stephen G. Larson.  Plaintiff filed a Motion to Remand and GSK filed a Motion to Stay, both of which were fully briefed.  Judge Larson heard argument on both motions; however, he did not decide either.  Rather, by declining to act on the pending motions, he allowed the case to be transferred to the MDL, where the still-pending Motion to Remand will be decided.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on this 19th day of May, 2008 in San Francisco, California.

/S/ Krista L. Cosner
KRISTA L. COSNER

**EXHIBIT A**

A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Apr 08, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Apr 08, 2008

FILED
CLERK'S OFFICE

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1871

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in nine actions listed on Schedule A and pending in the Central District of California (one action) and the Northern District of California (eight actions), respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871. Responding defendant SmithKlineBeecham Corp. d/b/a/ GlaxoSmithKline (GSK) opposes the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these nine actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Pennsylvania was a proper Section 1407 forum for actions arising from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 528 F.Supp.2d 1339 (J.P.M.L. 2007).

Movants argue that these actions involve unique claims concerning the marketing and promotion of Avandia in California, and focus on alleged violations of state statutory and common law. Section 1407, however, does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. Transfer under the statute has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

---

[*] Judges Heyburn and Scirica took no part in the disposition of this matter.

- 2 -

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these nine actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

_____
D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*   J. Frederick Motz
Robert L. Miller, Jr.                       Kathryn H. Vratil
David R. Hansen                          Anthony J. Scirica*

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                                MDL No. 1871

### SCHEDULE A

#### Central District of California

Leslie Boone v. GlaxoSmithKline Corp., et al., C.A. No. 2:07-7699

#### Northern District of California

Dorothy Bone, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5886
James Hall v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5887
James Jefferson v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5888
George Fisher v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5889
Hector Thornton v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5890
Ivan Upshaw v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5891
Rose Hefner, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-6050
Richard Bowles, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-6328