ALAN J. LAZARUS (State Bar No. 129767)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
Alan.Lazarus@dbr.com
Krista.Cosner@dbr.com

Attorneys for Defendants
SMITHKLINE BEECHAM CORPORATION d/b/a
GLAXOSMITHKLINE and McKESSON
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOHINDER KHANNA,<br><br>Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, McKESSON PHARMACY SYSTEMS, and DOES ONE through FIFTEEN,<br><br>Defendants. | Case No. 3:08-cv-01131 MHP<br><br>**DEFENDANT SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**<br><br>Date:        June 9, 2008<br>Time:       2:00 p.m.<br>Courtroom: 15<br>Judge:      Marilyn H. Patel |

## I.

## INTRODUCTION

Plaintiff has opposed a stay pending transfer to the Avandia® MDL, arguing that: (i) the pending Motion to Remand is best considered by this Court; and (ii) a stay will prejudice Plaintiff with "unnecessary delay." Plaintiff's Memorandum in Support of Plaintiff's Opposition to Defendant's Motion to Stay ("Pl's Br.") at 2.

Plaintiff's arguments are without merit, and GSK files this brief Reply to emphasize that the interests of consistency and judicial economy are best served by allowing the MDL judge to decide the jurisdictional issues in this case.

## II.

## THE JURISDICTIONAL ISSUES IN THIS CASE SHOULD BE DECIDED BY THE MDL JUDGE

Arguing that McKesson is a proper defendant in this case, Plaintiff urges this Court to deny GSK's Motion to Stay and to decide the pending Motion to Remand.

Plaintiff asserts that McKesson's role with respect to Avandia extended beyond distribution into marketing. Plaintiff is wrong. As GSK has made clear, McKesson did nothing more than pass along unopened bottles of Avandia to hospitals and health care providers. *See* Declaration of Greg Yonko (attached as Exhibit "A" to the Declaration of Krista L. Cosner in Support of GSK's Reply Memorandum of Law in Support of Motion to Stay (hereinafter "Cosner Decl. ISO Reply"). Thus, there is no legitimate claim against McKesson, its joinder being solely to destroy diversity.

The transparency of Plaintiff's strategy is emphasized by a quick review of relevant statistics. To date, there have been 316 Avandia cases filed in the United States. McKesson *has not been named in a single case* except in some of the cases filed in California. Out of 42 total cases filed in California, 18 were filed in federal court. Twenty-four were filed in state court, and *each of these 24 named McKesson as a defendant*. Of these 24 cases, 23 (representing 135 plaintiffs) have been or are in the process of being removed to federal court.[1] Seventeen of these 23 cases have already been transferred to the MDL.[2] Ten of the 17 transferred cases had Motions to Remand pending when transferred.[3] No Motion to Remand has been granted in any case. *See* Cosner Decl. ISO Reply, ¶¶ 1-8.

---

[1] The remaining California state court case, *Fabyankovic v. SmithKline Beecham et al.*, was not removed because it included two Pennsylvania plaintiffs, destroying diversity as to GSK. Cosner Decl. ISO Reply, ¶ 9.

[2] There are motions to remand pending in three of the six cases pending transfer to the MDL, the instant case being one of them. Cosner Decl. ISO Reply, ¶ 10.

[3] Motions to remand were never filed in the other seven removed and transferred cases. Cosner Decl. ISO Reply, ¶ 11.

The 10 cases that have been transferred to the Avandia MDL with remand motions pending include eight cases from the Northern District of California,[4] and two cases from the Central District of California –*Johnson v. GlaxoSmithKline, et al.*, and *Boone v. SmithKline Beecham Corp., et al.*[5] In its Transfer Order, the Judicial Panel on Multidistrict Litigation ("JPML") explained that *Boone*, along with the eight cases from the Northern District of California, should be transferred because of the "salutary effect of placing all actions in this docket before a single judge" who can ensure a "just and expeditious resolution of the issues." *See* Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 ("Transfer Order") (J.P.M.L. Apr. 8, 2008) (attached as Exhibit "B" to Cosner Decl. ISO Reply).

For exactly the same reasons of consistency and economy, the jurisdictional questions raised by this case are best considered by the MDL judge. Plaintiff protests that this Court has the right to decide these issues; however, the fact that the Court *can* make such determinations does not mean that it *must* or that it *should*. The JPML has acknowledged that it is completely appropriate for a case to be transferred to the MDL while a remand motion is pending, and for the transferee court to decide the jurisdictional issues. *See, e.g., In re K-Dur Antitrust Litigation*, Docket No. 1419, Judicial Panel on Multidistrict Litigation, 162 F. Supp. 2d 688, 689 n.4 (2001).

There is no good reason for multiple federal courts to consider identical jurisdictional issues in this Avandia litigation. The prudent method of addressing these issues is to defer decision to the MDL transferee judge who can make consistent

---

[4] The eight cases removed to the Northern District of California were *Bone, Bowles, Hall, Hefner, Jefferson, Fisher, Thornton* and *Upshaw*. All of these cases were related before this Court. As Your Honor is aware, prior to argument on the motions for remand and motions to stay, the parties entered into a stipulation to stay the proceedings pending the JPML's ruling on plaintiffs' opposition to the transfer of each of these matters to the Avandia MDL. Cosner Decl. ISO Reply, ¶ 12.

[5] In *Johnson*, plaintiffs failed to oppose the JPML's conditional transfer order and the matter was transferred to the Avandia MDL with plaintiffs' remand motion pending. In *Boone*, Judge Larson heard argument on Plaintiffs' Motion to Remand and GSK's Motions to Stay; however, he did not decide either. Rather, by declining to act on the pending motions, he allowed the case to be transferred to the MDL, where the still-pending Motion to Remand will be decided. Cosner Decl. ISO Reply, ¶ 13-14.

decisions across the body of cases already transferred and those awaiting transfer.

## III.
### PLAINTIFF WILL NOT BE PREJUDICED BY A STAY

Plaintiff alleges that he will "be prejudiced by excessive delay and cost of litigating in a foreign and inconvenient forum if the case is stayed and transferred to the Eastern District of Pennsylvania." Pl's Br. at 4. Plaintiff attributes some of this "prejudice" to the assertion that "this action does not involve the same issues common to the cases pending in the Avandia MDL litigation." *Id.* To the contrary, Plaintiff's claims contain identical allegations to those raised by the other cases transferred or awaiting transfer to the Avandia MDL, including (i) whether Avandia caused or substantially contributed to the development of the risk of heart attack or related conditions; and (ii) whether GSK knew that Avandia caused or substantially contributed to the development of the risk of heart attack or related conditions, and failed to warn consumers and the medical community. Moreover, Plaintiff's "excessive delay" argument is without merit, as Judge Rufe has indicated that she will be ready to address remand motions within the next sixty days.

## IV.
### CONCLUSION

For the reasons set forth above and in GSK's Memorandum in Support of its Motion to Stay, GSK respectfully requests that this Court grant its motion to stay all proceedings pending transfer of this case to the Avandia MDL.

Dated: May 23, 2008                    DRINKER BIDDLE & REATH LLP

/s/ Krista L. Cosner
KRISTA L. COSNER

Attorneys for Defendants
SMITHKLINE BEECHAM
CORPORATION d/b/a
GLAXOSMITHKLINE and McKESSON
CORPORATION

ALAN J. LAZARUS (State Bar No. 129767)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510
Alan.Lazarus@dbr.com
Krista.Cosner@dbr.com

Attorneys for Defendants
SMITHKLINE BEECHAM CORPORATION d/b/a
GLAXOSMITHKLINE and McKESSON
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MOHINDER KHANNA<br><br>Plaintiff,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, McKESSON PHARMACY SYSTEMS, and DOES ONE through FIFTEEN, inclusive,<br><br>Defendants. | Case No. CV-08-1131 MHP<br><br>**DECLARATION OF KRISTA L. COSNER IN SUPPORT OF DEFENDANT SMITHKLINE BEECHAM CORPORATION D/B/A GLAXOSMITHKLINE'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**<br><br>Date:        June 9, 2008<br>Time:       2:00 p.m.<br>Courtroom: 15<br>Judge:      Marilyn H. Patel |

I, KRISTA L. COSNER, declare:

1.   I am an attorney admitted to practice before all courts of the State of California and am an Associate with Drinker Biddle & Reath, LLP, attorneys for SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE ("GSK") and McKESSON CORPORATION ("McKesson") (collectively, "Defendants") in this action. I make this Declaration based on my personal knowledge, in support of Defendant GSK's Reply Memorandum of Law In Support of Motion to Stay. I would and could competently testify to the matters stated in this Declaration if called as a witness.

2. Attached as **Exhibit A** is a true and correct copy of the Declaration of Greg Yonko in Support of Notice of Removal and Removal by GSK.

3. To date, there have been 316 Avandia cases filed in the United States. McKesson has not been named in a single case except in some of the cases filed in California.

4. Out of 42 total cases filed in California, 18 were filed in federal court.

5. Twenty-four cases were filed in state court, and all 24 named McKesson as a defendant.

6. Of these 24 cases, 23 (representing 135 plaintiffs) have been or are in the process of being removed to federal court.

7. Seventeen of these 23 cases have already been transferred to the MDL.

8. Ten of the 17 cases had Motions to Remand pending when transferred, and no Motion to Remand has been granted.

9. The remaining California state court case, *Fabyankovic v. SmithKline Beecham et al.*, was not removed because it included two Pennsylvania plaintiffs, destroying diversity as to GSK.

10. There are motions to remand pending in three of the six cases pending transfer to the MDL, the instant case being one of them.

11. Motions to remand were never filed in the other seven removed and transferred cases.

12. The eight cases removed to the Northern District of California and related before this Court were: (1) *Bone, Dorothy, et al. v. SmithKline Beecham Corporation dba GlaxoSmithKline et al.*, Case No. CV-07-05886 MHP; (2) *Bowles, Richard, et al. v. SmithKline Beecham Corporation dba GlaxoSmithKline et al.*, Case No. CV-07-06328 MHP; (3) *Hall, James v. SmithKline Beecham Corporation dba GlaxoSmithKline et al.*, Case No. CV-07-05887 MHP; (4) *Hefner, Rose, et al. v. SmithKline Beecham Corporation dba GlaxoSmithKline et al.*, Case No. CV-07-06050 MHP; (5) *Jefferson, James v. SmithKline Beecham Corporation dba GlaxoSmithKline et al.*, Case No. CV-07-

05888 MHP; (6) *Fisher, George v. SmithKline Beecham Corporation dba GlaxoSmithKline et al.*, Case No. CV-07-05889 MHP; (7) *Thornton, Hector v. SmithKline Beecham Corporation dba GlaxoSmithKline et al.*, Case No. CV-07-05890 MHP; (8) *Upshaw, Ivan v. SmithKline Beecham Corporation dba GlaxoSmithKline et al.*, Case No. CV-07-05891 MHP. Prior to argument on the motions for remand and motions to stay, the parties entered into a stipulation to stay the proceedings pending the JPML's ruling on plaintiffs' opposition to the transfer of each of these matters to the Avandia MDL.

13. In *Johnson v. GlaxoSmithKline, et al.*, plaintiffs failed to oppose the JPML's conditional transfer order and the matter was transferred to the Avandia MDL with plaintiffs' remand motion pending.

14. In *Boone v. SmithKline Beecham Corp., et al.*, Judge Larson heard argument on Plaintiffs' Motion to Remand and GSK's Motions to Stay; however, he did not decide either. Rather, by declining to act on the pending motions, he allowed the case to be transferred to the MDL, where the still-pending Motion to Remand will be decided.

15. Attached hereto at **Exhibit B** is a true and accurate copy of Transfer Order, *In re Avandia Marketing, Sales Practices and Products Liability Litigation*, MDL 1871 (J.P.M.L. Apr. 8, 2008).

////
////
///
///
///
///
///
///
///

I declare under penalty of perjury under the laws of the United States of America

| | |
|---|---|
| 1 | that the foregoing is true and correct. Executed on this 23rd day of May, 2008 in San Francisco, California. |
| 2 | |
| 3 | |
| 4 | Dated: May 23, 2008         DRINKER BIDDLE & REATH LLP |
| 5 | /s/ Krista L. Cosner |
| 6 | KRISTA L. COSNER |
| 7 | Attorneys for Defendants SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE and McKESSON CORPORATION |

# EXHIBIT A

DONALD F. ZIMMER, JR. (State Bar No. 112279)
KRISTA L. COSNER (State Bar No. 213338)
DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, California 94105
Telephone: (415) 591-7500
Facsimile: (415) 591-7510

Attorneys for Defendants
SMITHKLINE BEECHAM CORPORATION dba
GLAXOSMITHKLINE and McKESSON
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DOROTHY BONE; DAVID COOK; JESUS COTA; JO ELLEN GARNER; BARRON GATTA; CATHY GRAY; FRANKLIN JENKINS; GREGORY RODRIGUEZ; ROBERT RODRIGUEZ; ROGER TAVARES; LAVIOLA TOWNSEND,<br><br>Plaintiffs,<br><br>v.<br><br>SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE and McKESSON CORPORATION,<br><br>Defendants. | Case No.<br><br>DECLARATION OF GREG YONKO IN SUPPORT OF NOTICE OF REMOVAL AND REMOVAL ACTION, UNDER 28 U.S.C. § 1441(B) (DIVERSITY) and 28 U.S.C. § 1441(C) (FEDERAL QUESTION) OF DEFENDANT SMITHKLINE BEECHAM CORPORATION dba GLAXOSMITHKLINE |

I, GREG YONKO, declare:

1. I am Senior Vice President - Purchasing for McKesson Corporation ("McKesson"), and make this declaration in support of the Notice of Removal and Removal Action of defendant SmithKline Beecham Corporation d/b/a GlaxoSmithKline ("GSK") based on my personal knowledge.

2. I have been in my current position since 1997, and have been employed by McKesson for over 25 years. As Vice President of Purchasing, I am responsible for

DRINKER BIDDLE & REATH LLP
50 Fremont Street, 20th Floor
San Francisco, CA 94105

SF1\391930\1     DECLARATION OF GREG YONKO IN SUPPORT OF REMOVAL     CASE NO.

1 | purchasing prescription and non-prescription branded product management and
2 | investment purchasing.
3 |     3.  McKesson was and is a Delaware corporation, with its principal place of
4 | business in San Francisco, California.
5 |     4.  McKesson was served with the Summons and Complaint in this action on
6 | October 24, 2007.
7 |     5.  McKesson consents to the removal of this action.
8 |     6.  McKesson is a wholesale distributor of pharmaceuticals, over-the-counter
9 | and health and beauty products to chains, independent pharmacy customers and hospitals.
10 | As a wholesale distributor, McKesson distributes products manufactured by others. As to
11 | Avandia®, McKesson does not manufacture, produce, process, test, encapsulate, label, or
12 | package, these products, nor does it make any representations or warranties as to the
13 | product's safety or efficacy.
14 |     7.  McKesson distributed Avandia®, manufactured by GSK, along with many
15 | other products of other pharmaceutical companies, to certain drug stores, pharmacies,
16 | health care facilities and hospitals throughout the United States. As stated above,
17 | McKesson did not manufacture, produce, process, test, encapsulate, label, or package
18 | Avandia®, but only delivered the unopened boxes that contained the drug.
19 |     8.  McKesson is one of many suppliers who could have supplied Avandia® to
20 | the numerous pharmacies throughout the United States.
21 |     I declare under penalty of perjury under the laws of the State of California that the
22 | foregoing is true and correct, and this declaration was executed on November 16, 2007 in
23 | San Francisco, California.

GREG YONKO

DECLARATION OF GREG YONKO IN SUPPORT OF REMOVAL         2         CASE NO.

**EXHIBIT B**

A CERTIFIED TRUE COPY
ATTEST

By Mecca Thompson on Apr 08, 2008

FOR THE UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

Apr 08, 2008

FILED
CLERK'S OFFICE

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION

MDL No. 1871

### TRANSFER ORDER

**Before the entire Panel**[*]: Plaintiffs in nine actions listed on Schedule A and pending in the Central District of California (one action) and the Northern District of California (eight actions), respectively, have moved, pursuant to Rule 7.4, R.P.J.P.M.L., 199 F.R.D. 425, 435-36 (2001), to vacate our orders conditionally transferring the actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871. Responding defendant SmithKlineBeecham Corp. d/b/a/ GlaxoSmithKline (GSK) opposes the motions.

After considering all argument of counsel, we find that these actions involve common questions of fact with actions in this litigation previously transferred to the Eastern District of Pennsylvania, and that transfer of these nine actions to the Eastern District of Pennsylvania for inclusion in MDL No. 1871 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. We further find that transfer of these actions is appropriate for reasons that we set out in our original order directing centralization in this docket. In that order, we held that the Eastern District of Pennsylvania was a proper Section 1407 forum for actions arising from allegations that certain diabetes drugs manufactured by GSK – Avandia and/or two sister drugs containing Avandia (Avandamet and Avandaryl) – cause an increased risk of heart attack and other physical injury, and that GSK failed to provide adequate warnings concerning that risk. *See In re Avandia Marketing, Sales Practices and Products Liability Litigation*, 528 F.Supp.2d 1339 (J.P.M.L. 2007).

Movants argue that these actions involve unique claims concerning the marketing and promotion of Avandia in California, and focus on alleged violations of state statutory and common law. Section 1407, however, does not require a complete identity or even majority of common factual and legal issues as a prerequisite to centralization. Transfer under the statute has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: (1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Joseph F. Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (J.P.M.L. 1976); and (2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

---

[*] Judges Heyburn and Scirica took no part in the disposition of this matter.

- 2 -

Plaintiffs can present their motions for remand to state court to the transferee judge. *See, e.g., In re Ivy*, 901 F.2d 7 (2d Cir. 1990); *In re Prudential Insurance Company of America Sales Practices Litigation*, 170 F.Supp.2d 1346, 1347-48 (J.P.M.L. 2001).

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these nine actions are transferred to the Eastern District of Pennsylvania and, with the consent of that court, assigned to the Honorable Cynthia M. Rufe for inclusion in the coordinated or consolidated pretrial proceedings occurring there in this docket.

PANEL ON MULTIDISTRICT LITIGATION

D. Lowell Jensen
Acting Chairman

John G. Heyburn II, Chairman*   J. Frederick Motz
Robert L. Miller, Jr.           Kathryn H. Vratil
David R. Hansen                 Anthony J. Scirica*

IN RE: AVANDIA MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                MDL No. 1871

### SCHEDULE A

Central District of California

Leslie Boone v. GlaxoSmithKline Corp., et al., C.A. No. 2:07-7699

Northern District of California

Dorothy Bone, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5886
James Hall v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5887
James Jefferson v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5888
George Fisher v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5889
Hector Thornton v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5890
Ivan Upshaw v. SmithKline Beecham Corp., et al., C.A. No. 3:07-5891
Rose Hefner, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-6050
Richard Bowles, et al. v. SmithKline Beecham Corp., et al., C.A. No. 3:07-6328