NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
CYNTHIA BROWN, ESQ., State Bar No. 248846
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA 94102-6388
Telephone: (415) 441-5544

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHINDER KHANNA, | ) CASE NUMBER 3:08-CV-01131 MHP |
| Plaintiff, | ) **REPLY BRIEF IN SUPPORT OF MOTION TO REMAND THIS CASE TO THE SUPERIOR COURT OF THE STATE OF CALIFORNIA** |
| vs. | |
| SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE, MCKESSON PHARMACY SYSTEMS, and DOES ONE through FIFTEEN, inclusive, | ) Date: June 9, 2008 <br> ) Time: 2:00 p.m. <br> ) Ctrm: Courtroom 15, 18th Floor <br> ) Honorable Marilyn H. Patel |
| Defendants. | |

## I.  INTRODUCTION

Defendant SMITHKLINE BEECHAM CORPORATION d/b/a GLAXOSMITHKLINE ("GSK") fails to meet its burden to show this Court has removal jurisdiction. GSK does not show diversity of citizenship exists. Defendants alleged with neither factual nor legal support that the non-diverse Defendant McKesson Corporation ("McKesson") was fraudulently joined. GSK bad faith removal of this action is highlighted by its request that this Court refrain from ruling on the Motion to Remand and defer to the MDL Court. This removal is solely a dilatory tactic to delay this case from prompt resolution. Further, this Court has authority to rule on this motion, despite the judicial panel for multi-district proceedings pending decision to transfer the case into the Avandia MDL. The Court should not enable Defendant's abusive litigation tactic of delay and Plaintiff's motion for remand should be granted.

## II.  ARGUMENT

### A.  THIS COURT HAS AUTHORITY TO RULE ON THIS MOTION

Defendant GSK asks this Court to reward its bad faith removal by delaying a decision on this motion simply because other cases involving the drug Avandia have been transferred to the MDL. This Court, however, has authority to hear and rule on this motion and should rule on this motion so that GSK's dilatory tactic does not succeed. Because there is no diversity jurisdiction, this Court should grant Plaintiff's motion to remand.

Recently, the United States District Court for the Northern District of California ruled on an identical motion to remand. In *Gerber v. Bayer Corporation, et al.*, Judge Jeffery White presiding, refused to delay ruling on a remand motion in deference to an MDL and determined that defendant McKesson Corporation was not a fraudulently joined defendant. *Gerber v. Bayer Corporation, et al.*, C 07-05918 JSW; 2008 U.S. Dist. LEXIS 12174, February 6, 2008. (See Exhibit A to the Declaration of Rachel Abrams.)

Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994).

Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566.

### B. DEFENDANT OUTRIGHTLY MISREPRESENTS THE FACTS PLED IN THE COMPLAINT

Defendant must show that there is "*absolutely no possibility*" that Plaintiffs can establish a cause of action against Defendant McKesson. *Davis v. Prentiss Prop. Ltd.*, 66 F. Supp. 2d 1112, 1113 (9th Cir. 1999) (emphasis added). Defendant did not offer any evidence that McKesson is not the distributor in this case. However, Defendant makes that the false argument that Plaintiff did not allege in the complaint that McKesson distributed the Avandia that Plaintiff ingested. Paragraph 8 of the complaint clearly states that from thereon the term "defendants" include McKesson and paragraphs 25 and 27 clearly state that defendants distributed the Avandia that Plaintiff ingested.

Defendant's argument that McKesson cannot be liable to Plaintiff because it was only a distributor of the drug is similarly misrepresented. The law requires that defendant show that there is "*absolutely no possibility*" but then it fails to cite a single California authority for this radical new modification to strict liability. At the same time, defendant admits that there are Courts that have determined that McKesson is a viable defendant as a distributor in pharmaceutical cases and Plaintiff provides yet another decision, *Gerber*, upholding McKesson's viability as a defendant. (See Exhibit A to the Declaration of Rachel Abrams.)

### C. REMOVAL IS IMPROPER BECAUSE THERE IS NO FEDERAL QUESTION NECESSARY FOR ADJUDICATION

GSK's reply basically concedes that there is no merit to this position and asks for further briefing. Without identifying a single specific issue that is relevant, much less

actually disputed, it merely alleges that the causes of action "each require construction and application of the Federal Food, Drug and Cosmetic Act and implementing federal regulations." See Opp. 12:17-19. Defendant bears the burden of showing that there is a significant federal issue that is actually disputed and it fails to attempt to identify one relying on a general allegation that there must be something in the FDA regulations. This argument is wholly without merit and contradicts the plain fact that tens if not hundreds of thousands of prescription pharmaceutical cases have been litigated in the various State Courts of America.

### III. CONCLUSION

The Court should not condone GSK's dilatory tactic and should remand this case back to the California Superior Court without further delay.

DATED: May 23, 2008.

                HERSH & HERSH
                A Professional Corporation

                By  /s/
                    RACHEL ABRAMS
                    Attorneys for Plaintiff