NANCY HERSH, ESQ., State Bar No. 49091
MARK E. BURTON, JR., ESQ., State Bar No. 178400
RACHEL ABRAMS, ESQ., State Bar No. 209316
CYNTHIA BROWN, ESQ., State Bar No. 248846
HERSH & HERSH, A Professional Corporation
601 Van Ness Avenue, Suite 2080
San Francisco, CA  94102-6388
Telephone:  (415) 441-5544

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MOHINDER KHANNA, | ) CASE NUMBER  3:08-CV-01131 MHP |
| | ) |
| Plaintiff, | ) **DECLARATION OF RACHEL** |
| | ) **ABRAMS IN SUPPORT OF** |
| vs. | ) **PLAINTIFF'S REPLY BRIEF RE** |
| | ) **REMAND** |
| SMITHKLINE BEECHAM | ) |
| CORPORATION d/b/a | ) Date:   June 9, 2008 |
| GLAXOSMITHKLINE, MCKESSON | ) Time:   2:00 p.m. |
| PHARMACY SYSTEMS, and DOES | ) Ctrm:   Courtroom 15, 18th Floor |
| ONE through FIFTEEN, inclusive, | ) |
| | ) Honorable Marilyn H. Patel |
| Defendants. | ) |
| | ) |

I, RACHEL ABRAMS, declare as follows:

1.    I am an attorney at law admitted to practice before this Court in this matter, and I am a member of the law firm Hersh & Hersh, attorneys of record for the Plaintiff herein.  I have personal knowledge of the facts set forth herein.  If called upon, I could and would competently testify to the following from my own personal knowledge.

2.    Attached hereto as EXHIBIT "A" and incorporated herein by reference is a true and correct copy of *Gerber v. Bayer Corporation, et al.*, C 07-05918 JSW; 2008 U.S.

Dist. LEXIS 12174, February 6, 2008.

    I declare under penalty of perjury, pursuant to the laws of the State of California, that the foregoing is true and correct.

    Executed on May 23, 2008, at San Francisco, California.

_____/s/_____<br>
RACHEL ABRAMS

LEXSEE 2008 U.S. DIST. LEXIS 12174

**PETER JAY GERBER, et al., Plaintiffs, v. BAYER CORPORATION, et al., Defendants.**

**No. C 07-05918 JSW**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**2008 U.S. Dist. LEXIS 12174**

**February 6, 2008, Decided**
**February 6, 2008, Filed**

**CORE TERMS:** removal, collectively, non-diverse, time-barred, notice provisions, causes of action, notice, discovery rule, action pending, statute of limitations, fraudulently, joined, diversity jurisdiction, injunctive relief, misrepresentation, diversity, warranty, joinder, prevail, tolled, sham

**COUNSEL:** [*1] For Peter Jay Gerber, Miriam Goldberg, Plaintiffs: Lawrence J. Gornick, LEAD ATTORNEY, Levin Simes Kaiser & Gornick LLP, San Francisco, CA; Bruce W. Blakely, Flaxman & Blakely, An Association, Mill Valley, CA; Debra Irwin DeCarli, Levin Simes Kaiser & Gornick LLP, San Francisco, CA.

For Bayer Corporation, Bayer Healthcare Pharmaceuticals Inc., Defendants: Annette Stepanian, LEAD ATTORNEY, San Francisco, CA; Kenneth P. Conour, LEAD ATTORNEY, Drinker Biddle & Reath LLP, San Francisco, CA; Marsha M. Piccone, Renee' A. Carmody, PRO HAC VICE, Wheeler Trigg Kennedy LLP, Denver, CO.

For BMC Diagnostics, Inc., Defendant: Marsha M. Piccone, Renee' A. Carmody, PRO HAC VICE, Wheeler Trigg Kennedy LLP, Denver, CO.

For California Pacific Medical Center, Defendant: Carol C. Sleeth, Lewis Brisbois et al, San Francisco, CA; Marsha M. Piccone, Renee' A. Carmody, PRO HAC VICE, Wheeler Trigg Kennedy LLP, Denver, CO.

For General Electric Company, GE Healthcare, Inc., Defendants: Deborah C. Prosser, LEAD ATTORNEY, Kutak Rock LLP, Los Angeles, CA; Stephanie Achsah Hingle, LEAD ATTORNEY, Los Angeles, CA; Marsha M. Piccone, Renee' A. Carmody, PRO HAC VICE, Wheeler Trigg Kennedy LLP, Denver, CO.

For GE Healthcare

[*2] Bio-Sciences Corp., Defendant: Deborah C. Prosser, LEAD ATTORNEY, Kutak Rock LLP, Los Angeles, CA; Stephanie Achsah Hingle, LEAD ATTORNEY, Los Angeles, CA.

For McKesson Corporation, Defendant: Michael L. Fox, LEAD ATTORNEY, Sedgwick Detert Moran & Arnold LLP, San Francisco, CA; Marsha M. Piccone, Renee' A. Carmody, PRO HAC VICE, Wheeler Trigg Kennedy LLP, Denver, CO.

For Merry X-Ray Chemical Corp., Defendant: Marsha M. Piccone, Renee' A. Carmody, PRO HAC VICE, Wheeler Trigg Kennedy LLP, Denver, CO.

**JUDGES:** JEFFREY S. WHITE, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JEFFREY S. WHITE

**OPINION**

**ORDER (1) GRANTING PLAINTIFF'S MOTION TO REMAND AND (2) DENYING MOTION TO STAY AS MOOT**

Now before the Court are the motions to remand and to stay this action pending a ruling on a motion to transfer the action by the Judicial Panel on Multidistrict Litigation ("MDL"). Having considered the parties' arguments, relevant legal authority, and having had the benefit of oral argument, the Court GRANTS the motion to remand and DENIES AS MOOT the motion to stay.[1]

1  Defendants' request for judicial notice is granted. *See* Fed. R. Evid. 201. Plaintiffs objected to and moved to strike paragraphs 2 and 3 and the exhibits A and B to the Declaration

[*3] of Carol Sleeth. At the hearing on the pending motions, the parties informed the Court that they reached a stipulation to strike paragraph 3 and exhibit B to the Sleeth Declaration. Based on the parties' stipulation, the Court GRANTS the motion to strike in part as to paragraph 3 and exhibit B to the Sleeth Declaration. However, because the Court did not need to consider the remainder of the Sleeth Declaration in resolving the pending motions to remand and to stay, the Court DENIES in part as MOOT the motion strike as to paragraph 2 and Exhibit A to the Sleeth Declaration.

**BACKGROUND**

On October 26, 2007, plaintiffs Peter Jay Gerber and Miriam Goldberg ("Plaintiffs") filed this action in San Francisco Superior Court against Bayer Corporation and Bayer Healthcare Pharmaceuticals, Inc. (collectively, "Bayer"), BMC Diagnostics, Inc. and California Pacific Medical Center (collectively, "Imaging Facility Defendants"), General Electric Company, GE Healthcare, Inc., and GE Healthcare Bio-Sciences Corp. (collectively, "GE"), McKesson Corporation and Merry X-Ray Chemical Corporation (collectively, "Distributor Defendants"). Plaintiffs assert the following causes of action: (1) strict liability

2008 U.S. Dist. LEXIS 12174, *

[*4] against Bayer and GE (collectively, "Manufacturing Defendants") and the Distributor Defendants; (2) negligence against the Manufacturing Defendants and the Distributor Defendants; (3) negligence against the Imaging Facility Defendants; (4) breach of express warranty against the Imaging Facility Defendants; (5) breach of implied warranty against the Imaging Facility Defendants; (6) fraud and misrepresentation against the Manufacturing Defendants; (7) fraud and concealment or omission the Manufacturing Defendants; (8) negligent misrepresentation against the Manufacturing Defendants; (9) violation of the Consumers Legal Remedy Act ("CLRA"), California Civil Code section 1750 *et seq.* against all defendants; and (10) loss of consortium against all defendants.

On November 21, 2007, the Manufacturing Defendants removed on the basis of diversity jurisdiction. They asserted that diversity jurisdiction exists because the Imaging Facility and Distributor Defendants were fraudulently joined and thus should be disregarded for purposes of determining diversity jurisdiction.

Plaintiffs now move to remand this action and Manufacturing Defendants move to stay this action pending a ruling on a motion

[*5] to transfer the action by the MDL. Both parties argue that the Court should address their motion first.

**ANALYSIS**

"Generally, jurisdiction is a preliminary matter that should be resolved before all others." *Leeson v. Merck & Co., Inc.,* 2006 U.S. Dist. LEXIS 3096, 2006 WL 3230047, *2 (E.D.Cal. Jan. 27, 2006); *see also Villarreal v. Chrysler Corp.,,* 1996 U.S. Dist. LEXIS 3159, 1996 WL 116832, at *1 (N.D.Cal. Mar.12, 1996) ("Judicial economy will best be served by addressing the remand issue [before a party's motion to stay] because a determination on this issue will facilitate litigation in the appropriate forum."). However, some courts have held that "the calculus changes somewhat when deference to a MDL court will further 'the uniformity, consistency, and predictability in litigation that underlies the MDL system.'" *Leeson,* 2006 U.S. Dist. LEXIS 3096, 2006 WL 3230047, *2 (quoting *Conroy v. Fresh Del Monte Produce Inc.,* 325 F. Supp. 2d 1049, 1053 (N.D.Cal.2004)). "In deciding whether to rule on the motion to remand, courts consider whether the motion raises issues likely to arise in other actions pending in the MDL transferee court." *Conroy,* 325 F. 2d 1053. Here, the Court finds that the pending motion to remand has not raised issues that are likely to arise in other

[*6] actions even if the MDL grants the motion to transfer. Therefore, the Court will address the motion to remand first.

**A. Legal Standards Relevant to Removal.**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant ... to the district court of the United States for the district and division embracing the place where such action is pending." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 7-8, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) (citation omitted); *see also* 28 U.S.C. § 1441. However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Accordingly, the burden of establishing federal jurisdiction for purposes of removal is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus,* 980 F.2d at 566.

While diversity jurisdiction under 28 U.S.C. § 1332

[*7] ordinarily requires complete diversity of the parties, removal is proper despite the presence of a non-diverse defendant when that defendant was fraudulently joined, in other words, where that defendant is merely a "sham" defendant. *See Caterpillar Inc. v. Lewis,* 519 U.S. 61, 68, 117 S. Ct. 467, 136 L. Ed. 2d 437 (1996). In this circuit, a non-diverse defendant is deemed a sham and will not defeat jurisdiction if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. International Telephone & Telegraph Corp.,* 872 F.2d 1416, 1426 (9th Cir. 1989).

The failure to state claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Computer Systems v. AT&T Corp.,* 298 F.3d 756, 761 (9th Cir. 2002). The party asserting the fraudulent joinder bears the burden of proof and remand must be granted unless the defendant can show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. *See Levine v. Allmerica Financial Life Ins. & Annuity Co.,* 41 F. Supp. 2d 1077, 1078 (C.D. Cal. 1999).

**B.**

[*8] **Manufacturing Defendants Fail to Demonstrate Other Defendants Were Fraudulently Joined.**

Manufacturing Defendants argue that all of Plaintiffs' claims against the Imaging Facility and Distributor Defendants are time-barred and that Plaintiffs' CLRA claims are jurisdictionally barred based on Plaintiffs' failure to comply with the statutory notice provisions. The Court will address each argument in turn.

**1. Statute of Limitations.**

To demonstrate at the pleading stage that a statute of limitations has run, a defendant must show that the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. *Jablon v. Dean Witter,* 614 F.2d 677, 682 (9th Cir. 1980). Under California law, a statute of limitations can be tolled by the discovery rule which delays the accrual of the date of a cause of action until the plaintiff is aware of her injury and its negligent cause. *Hopkins v. Dow Corning Corp.,* 33 F.3d 1116, 1120 (9th Cir. 1994) (citing *Jolly v. Eli Lilly & Co.,* 44 Cal. 3d 1103, 1109, 245 Cal. Rptr. 658, 751 P.2d 923 (1988)). Under the discovery rule, the statute of limitations begins to run when the plaintiff suspects or should suspect that her injury was

[*9] caused by wrongdoing. *Jolly,* 44 Cal. 3d at 1110.

Plaintiffs plead that the "nature of Plaintiffs' injuries and damages, and their relationship to gadolinium-based contrast agents used in conjunction with MRIs and MRAs, was not discovered, and through reasonable care and due diligence could not have been discovered, by Plaintiffs until a time less than two years before the filing of this Complaint." (Compl., P 67.) Manufacturing Defendants contend that Plaintiffs failed to plead specific facts regarding the circumstances of their delayed discovery. However, assuming, without deciding, that Plaintiffs have not sufficiently alleged facts to establish that the discovery rule applies, Manufacturing Defendants have not shown that Plaintiffs could not as a matter of law allege such facts if given an opportunity to amend their complaint.

Plaintiffs also argue that Defendants' violations of the CLRA are ongoing, and that therefore, these claims are not time-barred. (Mot. to Remand at 4.) Manufacturing Defendants failed to address this argument and, thus, for this additional reason, fail to demonstrate that all of Plaintiffs' claims are time-barred.

**2. Compliance with CLRA's Statutory Notice Provisions.**

Section 1782 of the California Civil Code

[*10] provides that a plaintiff shall provide notice of his or her claims at least thirty days before filing an "an action for damages" under the CLRA. Cal. Civ. Code § 1782(a). The statute clarifies that such notice is not required for claims seeking only injunctive relief. Cal. Civ. Code § 1782(d). As Plaintiffs highlight, they only seek injunctive relief pursuant to their CLRA claim. (Compl., PP 120-122.) Accordingly, the notice provisions of the CLRA are inapplicable.

Manufacturing Defendants did not argue in opposition to the motion to remand that Plaintiffs did not allege fact sufficient to state a CLRA claim against the Imaging Facility and Distributor Defendants. Instead, they merely asserted that Plaintiffs' CLRA claim is time-barred and failed to satisfy the statutory notice provisions. Because the Court finds that Manufacturing Defendants have failed to show that the CLRA claim is time-barred or deficient based on the statutory notice requirements, they have not demonstrated that there is no possibility that Plaintiffs could prevail on any cause of action it brought against the non-diverse defendants. *See Levine,* 41 F. Supp. 2d at 1078. Accordingly, the Court GRANTS Plaintiffs'

[*11] motion to remand.

**CONCLUSION**

For the foregoing reasons, Plaintiffs' motion to remand is GRANTED and this matter shall be remanded to the Superior Court for the City and County of San Francisco. Because this Court is remanding the case, Defendants' motion to stay is DENIED AS MOOT.

Dated: February 6, 2008

/s/ Jeffrey S. White

JEFFREY S. WHITE

UNITED STATES DISTRICT JUDGE

117MCD

********** Print Completed **********

Time of Request: Thursday, May 01, 2008  18:26:28 EST

Print Number:    1841:90503328
Number of Lines: 169
Number of Pages:

Send To:  SUND, BETH
          LEVIN SIMES KAISER & GORNICK LLP
          44 MONTGOMERY STREET, 36TH FLOOR
          SAN FRANCISCO, CA 94104